# CIRCUIT COURT OF LOUDOUN COUNTY

Michael J. Freeman et al.

v.

David W. Popish et al.

December 14, 2005

Case No. (Chancery) 23994

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Motion to Reconsider, Vacate, and Order a Refund filed by Robert J. Roth, trustee of the The Robert J. Roth Revocable Trust, and Janet B. Roth, trustee of The Janet B. Roth Revocable Trust. The moving parties seek to challenge the Decree of Sanction entered by the Court on May 4, 2005. By decree entered on November 12, 2004, Robert J. Roth, trustee, et al., were granted leave to intervene in these proceedings and made parties thereto. On February 24, 2005, counsel for Robert J. Roth et al. was granted leave to withdraw and a mailing address for her client's was made a part of the record for purposes of future notice. Va. Code Ann. § 8.01-319(A). Moreover, the motion to withdraw the Roth's petition to intervene was denied by the Court on May 4, 2005. On the same date, an Order reflecting the settlement among the remaining parties was entered.

Counsel for the complainants moved for sanctions against the Roth defendants based upon their alleged unwarranted intervention in the instant controversy. It was the contention of the complainants that they were required to pay substantial legal fees in defense of their right to limit the use of an easement crossing their property when their right to do so was clear and that an alternative route was available to those seeking to use such easement. This alternative route lay across the Roth property. It was the contention of the complainants that the Roth defendants' challenge to the use of the alternate route did not find support

in the chain of title, unnecessarily prolonged the proceedings, limited settlement among the parties as had been suggested by the Court on view, and caused the unnecessary payment of attorney's fees in the defense of their lawful property interests. The Court granted the motion sanctioning the Roth defendants by awarding the complainants their attorney's fees expended in asserting their interests.

As the Roths had sold their property, left the Commonwealth, and failed to appear and present evidence on the motion for sanctions, the Court, in order to enable the Roth defendants a further opportunity to appear and contest the award of sanctioned attorney's fees, directed that a copy of the order be forwarded to the Roth defendants, *forthwith*. Over six months later, the instant motion was filed.

The Court finds that the granting of the motion for sanctions was justified by the existing record and that the instant motion comes too late. Accordingly, the motion is denied.